UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**  'O'

| Case No. | 2:10-cr-00150-CAS - 1 | Date | December 9, 2020 |
|---|---|---|---|
| Present: The Honorable | CHRISTINA A. SNYDER | | |
| Interpreter | N/A | | |
| Catherine Jeang | Laura Elias | | Alexander Robbins / Julian Andre |
| *Deputy Clerk* | *Court Reporter/Recorder, Tape No.* | | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| JAMES DANAHER (CITATION) | X | | | KIM SAVO, DFPD | X | X | |

**Proceedings:** TELEPHONE HEARING ON DEFENDANT'S MOTION TO DISMISS ALLEGATIONS 2 AND 5 OF THE VIOLATION PETITION

### I. INTRODUCTION AND BACKGROUND

On February 16, 2010, a grand jury indicted defendant James Danaher ("Danaher"), alleging one count of possession of child pornography in violation of 18 U.S.C. § 2256(8)(a). Dkt. 1. Danaher pleaded guilty on October 12, 2010, dkt. 24, and was sentenced on July 6, 2011 to one day in prison (time served) followed by a ten-year term of supervised release. Dkt. 51. The terms of Danaher's supervised release include computer conditions prohibiting him from possessing computers and computer related devices unless disclosed to Probation and instructing that "[a]ll computers, computer-related devices, and their peripheral equipment, used by the defendant, shall be subject to search and seizure." Dkt. 51.

The present motion concerns the password to a Sony PlayStation Vita handheld gaming console (the "device") that was found in Danaher's possession by DOJ Agents during a September 8, 2020 visit to Danaher's home. Dkt. 78 ("Mot.") at 3 (quoting Dkt. 72 ("Violation Petition")).[1] Upon seeing the Agents, Danaher allegedly fled and was observed attempting to hide a sweatshirt by throwing it onto the roof of a nearby shed. Id. When the Agents retrieved the sweatshirt, they discovered the device in a pocket, seized it, and subsequently handed it over to San Luis Obispo County Sheriff's Department deputies. Id. at 3-4. A sheriff's deputy questioned Danaher about the device on September 8, 2020, at which time Danaher stated that "there was stuff on there" and made a reference to anal porn. Id. at 4. Danaher did not admit that there was child pornography on the device; he shook his head when asked if the device contained

---

[1] The Government does not dispute this factual background, as summarized by Danaher.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL        'O'**

child pornography and "when asked if it was child anal porn Mr. Danaher stated something to the effect that it was from a website called tooshie." Id. Danaher refused to "provide [the deputy] with the device's password" and also stated that he had erased the data stored on the device. Id. The DOJ Agents present at the encounter subsequently "both reported that Mr. Danaher had made some sort of reference/comment about child pornography." Id.

Probation subsequently asked Danaher to disclose the password via telephone on September 28, 2020 and September 29, 2020. Id. at 5-6. Danaher refused on both occasions. Id. During the second call, Probation "advised Mr. Danaher that if he did not provide the password, Probation would be notifying the Court of his non-compliance." Id.

Following an October 1, 2020, discussion with Probation, defense counsel spoke to Danaher and "advised him that he should continue to remain silent and invoke his Fifth Amendment right against self-incrimination and not disclose the password, assuming he remembered it." Id. at 5. Defense counsel subsequently informed the government that Danaher was invoking his Fifth Amendment right to remain silent on advice of counsel. Id. On November 4, 2020, Probation filed a revocation petition alleging five violations of Danaher's conditions of supervised release. Dkt. 73 ("Revocation Petition"). As relevant for the purposes of this motion, allegations 2 and 5 of the revocation petition each charge that Danaher is in violation because he "refused to provide the password and submit to [the] search of the Sony PlayStation Vita found in his possession" on September 8, 2020. Revocation Petition at 2.

On November 13, 2020, Danaher filed a motion to dismiss allegations 2 and 5 of U.S. Probation's violation petition. Mot. The government filed a corrected opposition on November 30, 2020. Dkt. 81 ("Opp'n").

The Court held a hearing on December 9, 2020. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II. LEGAL STANDARD

The Fifth Amendment provides that "[n]o person . . . shall be compelled in any criminal case to be a witness against himself[.]" U.S. Const. amend V. "A defendant does not lose [Fifth Amendment] protection by reason of his conviction of a crime," including while on probation or supervised release. Minnesota v. Murphy, 465 U.S. 420, 426, 104 S. Ct. 1136, 1141, 79 L. Ed. 2d 409 (1984). Although the government may "compel [] an individual to appear and testify" it may not "impose substantial penalties because a witness elects to exercise his Fifth Amendment right not to give incriminating testimony against himself." See Id. at 434-45. "In order to establish a [Fifth Amendment] violation, a person must show "(1) that the testimony desired by the government carried the risk of incrimination ... and (2) that the penalty he suffered amounted to compulsion." United States v. Bahr, 730 F.3d 963, 965 (9th Cir. 2013) (quoting United States v. Antelope, 395 F.3d 1128, 1134 (9th Cir. 2005)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**        'O'

### III. DISCUSSION

Danaher moves to dismiss allegations 2 and 5 of the violation petition on the grounds that revoking his supervised release on the basis of those allegations would constitute an unconstitutional penalty for invoking his Fifth Amendment rights. Mot. at 2. Specifically, Danaher argues that disclosing his password would carry a "real danger of self-incrimination" leading to future, unrelated prosecution. Id. at 9. He explains that statements he made to the probation officers, including a comment that "there was 'stuff on there'" and references to "child pornography and anal porn" support an inference that the device contains child pornography and contends that it is "unreasonable to believe that the U.S. Attorney's Office would not prosecute him for possession of child pornography" if found on the device. Id. As such, Danaher relies on the Ninth Circuit's decision in United States v. Antelope to contend that revoking his supervised release on the basis of allegations 2 and 5, which each allege that Danaher "refused to provide the password" to the device, would constitute a penalty amounting to compulsion in violation of the Fifth Amendment. 395 F.3d 1128, 1134 (9th Cir. 2005).

In opposition, the government argues that Danaher's position is foreclosed by the Ninth Circuit's decision in United States v. Hulen, which held that "a revocation proceeding is not a criminal case for purposes of the Fifth Amendment right against self-incrimination." 879 F.3d 1015, 1020 (9th Cir. 2018). The government further contends that the Fifth Amendment does not preclude compelling Danaher to disclose the password because the only testimony at issue here is "an admission that defendant knows the password" which is a "foregone conclusion." Opp'n at 15.

To establish a Fifth Amendment claim, a defendant must establish both "(1) that the testimony desired by the government carried the risk of incrimination[, and] (2) that the penalty he suffered amounted to compulsion." Antelope, 395 F.3d at 1134 (internal citations omitted). The risk of future prosecution must be "real and appreciable" rather than "remote, unlikely, or speculative," but the defendant "need not incriminate himself in order to invoke the privilege" and may instead refuse answer questions that place him at risk. Id. at 1134-34 (quoting McCoy v. Comm'r, 696 F.2d 1234, 1236 (9th Cir.1983)). The conditions of a defendant's supervised release do not trump the privilege. Murphy, 465 U.S. at 435 ("questions put to [a] probationer, however relevant to his probationary status" are subject to the privilege if they "call for answers that would incriminate him in a pending or later criminal prosecution"). Compulsion occurs when "the government has sought to impose substantial penalties because a witness elects to exercise his Fifth Amendment right not to give incriminating testimony against himself." Antelope, 395 F.3d at 1135. The Ninth Circuit has held that revocation of supervised release acts as a "substantial" penalty for invoking the privilege and therefore that "revocation of [a defendant's] probation and supervised release [may] violate[] his Fifth Amendment right against self-incrimination." Id. at 1139. However, "a revocation proceeding is not a criminal case for purposes of the Fifth Amendment right against self-incrimination" and, as such, a defendant is

not entitled to invoke Fifth Amendment protections to "prevent the use of his admissions to revoke his supervised release" where there is no real and appreciable threat of future criminal prosecution. See United States v. Hulen, 879 F.3d 1015, 1020 (9th Cir.), cert. denied, 139 S. Ct. 251, 202 L. Ed. 2d 168 (2018) (holding that revocation is not a criminal proceeding and distinguishing cases where analysis of the privilege was "driven by the threat of new prosecution.").

There is no dispute that Danaher would be at risk of future criminal prosecution if he were to disclose the password to the government and child pornography was discovered on the device. See Mot. at 9; Opp'n at 11. As such, the question here is whether the threatened revocation of Danaher's supervised release *because* he has refused to disclose the password constitutes an impermissible penalty for his decision to invoke his Fifth Amendment right that amounts to compulsion.

The situation presented here maps closely to the circumstances the Ninth Circuit addressed in Antelope. In Antelope, a convicted sex offender on supervised release invoked the Fifth Amendment and refused to detail his prior sexual history in sex offender treatment mandated by the terms of his supervised release. 395 F.3d at 1130. Defendant's supervised release was subsequently twice revoked by the district court, first because he refused to comply with "the requirement that he submit to polygraph examinations as part of the treatment program" and later because he failed to comply with the program's "sexual history autobiography assignment." Id. at 1131. Reviewing the district court's finding that "the fact of probation nullifies any Fifth Amendment right [defendant] might otherwise have to decline to reveal information that might incriminate him," the Ninth Circuit concluded that defendant had the right to invoke the Fifth Amendment to refuse to detail his prior sexual history in court-ordered sex offender treatment, absent a promise of immunity for statements made during treatment. Id. at 1132, 1135. As such, the Ninth Circuit found that the district court erred when it "revoked [defendant's] supervised release as a result of his refusal to disclose his sexual history without receiving immunity from prosecution" because revocation was an impermissible penalty for defendant's exercise of his right against self-incrimination. Id. at 1139. Here, as in Antelope, the government is seeking testimony from Danaher—in this case in the form of the password to a device that the government suspects contains incriminating information. See e.g. United States v. Warrant, No. 19-MJ-71283-VKD-1, 2019 WL 4047615, at *2 (N.D. Cal. Aug. 26, 2019) (explaining that "a consensus has emerged that a suspect may not be compelled to divulge his or her password to law enforcement, as that would require disclosure of the contents of the suspect's own mind," and thereby constitute testimony within the meaning of the Fifth Amendment.). And here, as in Antelope, the challenged revocation allegations, which state that Danaher has "refused to provide the password," demonstrate that revocation would penalize Danaher precisely *because* he chooses to assert his right against self-incrimination by declining to provide the testimony that the government seeks, such that he is compelled to either disclose the password in contravention of his Fifth Amendment right or have his supervised release revoked. Accordingly, the Court

concludes that revocation on the grounds that Danaher has refused to disclose the password would violate his Fifth Amendment rights, and therefore that allegations 2 and 5 of the violation petition must be dismissed.

Contrary to the government's contention, the Ninth Circuit's ruling in Hulen does not compel a different conclusion. That is because the court in Hulen, unlike the Antelope court, did not consider the Fifth Amendment's applicability in revocation proceedings in the context of an attempt by the government to compel testimonial statements that posed an appreciable risk of separate future criminal prosecution. Instead, the Hulen court held that a defendant who admitted during sex offender treatment to a series of supervised release violations, including "using marijuana," exchanging sexually explicit communications, and "lying to his probation officer," could not invoke the Fifth Amendment to prevent those statements from being introduced to demonstrate that he violated supervised release, because "a revocation proceeding is not a criminal case." Hulen, 879 F.3d at 1017, 1020. The Hulen court was careful to distinguish Antelope, explaining that the Antelope holding was "driven by the threat of new prosecution" as distinguished from "use of [defendant's] admissions to revoke his supervised release" in circumstances where no "effort had been made to charge and convict [defendant] for a new crime based on his admissions." Id. at 1020. Here, because Danaher would likely face new prosecution if he disclosed the password and incriminating child pornography materials were found on the device, the Court concludes that Antelope is controlling.

In addition, to the extent that the government seeks to rely on United States v. Spencer for the proposition that Danaher's knowledge of the password is a "foregone conclusion" and therefore disclosure would not be testimonial, that reliance is misplaced. No. 17-CR-00259-CRB-1, 2018 WL 1964588, at *1 (N.D. Cal. Apr. 26, 2018). The Spencer court itself acknowledged that the Fifth Amendment dictates that "the government [can] not compel [defendant] to state the password itself, whether orally or in writing" and explained that its ruling concerned only circumstances in which a defendant was requested to enter a password into an encrypted device, without disclosing the substance of the password to the government. Id. at *1-2 (citing Doe v. United States, 487 U.S. 201, 210 n.9 (1988) and collecting cases). Here, it is clear to the Court that the government has repeatedly asked Danaher to disclose his password, and not merely to enter it into the device. That is apparent because Probation has twice asked Danaher to provide the password via telephone; it is unclear how Danaher could be expected to comply with that directive other than by stating the password orally.[2] As such, the Spencer court's reasoning that the Fifth Amendment is not implicated where the government seeks only to require the defendant to enter a password into an encrypted device—without disclosing the password itself—and

---

[2] In addition, the government conceded at oral argument that Probation has in fact asked Danaher to state the password orally and that such compelled oral statements are ordinarily testimonial.

defendant's knowledge of the password is a "foregone conclusion" does not apply to Probation's requests to Danaher.[3]

## IV.  CONCLUSION

In accordance with the foregoing, the Court **GRANTS** Danaher's motion to dismiss allegations 2 and 5 of the violation petition.

IT IS SO ORDERED.

|  | 00 | : | 11 |
|---|---|---|---|
| Initials of Deputy Clerk | | CMJ | |

---

[3] Because the government sought a testimonial statement from Danaher disclosing the password, the reasoning of the Supreme Court's decision in Fisher v. United States is likewise inapplicable. 425 U.S. 391, 413, 96 S. Ct. 1569, 48 L. Ed. 2d 39 (1976). Fisher and its progeny stand for the proposition that the "act of producing" voluntarily-created documents in response to a written subpoena may not "involve testimonial self-incrimination" in circumstances where "the existence and location of the papers are a foregone conclusion and the [defendant] adds little or nothing to the sum total of the Government's information by conceding that he in fact has the papers." Id. at 1581. By its own terms, however, Fisher's holding does not apply to instances where, as here, the government seeks to "compel oral testimony" that is potentially incriminating. Id. at 1580.